# United States Court of Appeals
# for the Fifth Circuit

―――――――――

No. 23-11054
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**

October 31, 2024

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Nicholas Dominique Bueno,

*Defendant—Appellant*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 5:22-CR-106-1

―――――――――――――――――――――

Before Haynes, Higginson, and Douglas, *Circuit Judges*.

Per Curiam:[*]

Nicholas Dominique Bueno pleaded guilty to three counts of transfer of obscene material to a minor in violation of 18 U.S.C. § 1470, and the district court found him guilty after a bench trial of one count of enticement and attempted enticement of a minor in violation of 18 U.S.C. § 2422(b).

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 23-11054

The district court sentenced Bueno to a total term of 240 months of imprisonment and 25 years of supervised release.

First, Bueno challenges the sufficiency of the evidence underlying his conviction for enticement and attempted enticement of a minor. Where, as here, Bueno appeals a verdict in a bench trial on sufficiency of the evidence grounds, we focus our review on "whether the finding of guilt is supported by substantial evidence." *United States v. Tovar*, 719 F.3d 376, 388 (5th Cir. 2013) (internal quotation marks and citation omitted). We "view all evidence in the light most favorable to the government and defer to all reasonable inferences drawn by the trial court." *Id.* (internal quotation marks and citation omitted).

Bueno contends that, while the federal indictment refers to Texas Penal Code § 21.11, the district court did not make a specific finding as to what acts he attempted to entice the victim to engage in that would have constituted indecency with a child under that statute. *See United States v. Rounds*, 749 F.3d 326, 333 (5th Cir. 2014). The district court found that Bueno could have been charged with violating § 21.11(a)(1) and (a)(2), and that finding is supported by substantial evidence, including Bueno's numerous sexual text messages to the victim and related conduct. *See Tovar*, 719 F.3d at 388; Tex. Penal Code § 21.11(a)(1), (a)(2). Any argument challenging the indictment itself is insufficiently briefed. *See United States v. Scroggins*, 599 F.3d 433, 446-47 (5th Cir. 2010).

Next, Bueno argues that the Government did not prove beyond a reasonable doubt, for the purposes of attempted enticement under § 2422(b), that he took a substantial step towards committing the underlying offense. *See United States v. Howard*, 766 F.3d 414, 419 (5th Cir. 2014). Substantial evidence, including the numerous text messages, grooming behavior, and other evidence cited by the district court, supports the finding that Bueno

took substantial steps that were strongly corroborative of his criminal intent to entice the victim into illegal sexual activity. *See id.* at 419, 425-28; *Tovar*, 719 F.3d at 388. We are unpersuaded by his argument that the evidence purportedly failed to reflect a specific plan to meet. *See Howard*, 766 F.3d at 425-26.

Second, Bueno asserts that the district court imposed a substantively unreasonable sentence because the 18 U.S.C. § 3553(a) factors and mitigating evidence, such as his substance abuse issues, do not support it. We review challenges to the substantive reasonableness of a sentence for abuse of discretion. *See Gall v. United States*, 552 U.S. 38, 51 (2007).

The record reflects that the district court considered the nature and circumstances of the offense, along with mitigating evidence and Bueno's history and characteristics, and decided that a slightly above-guidelines sentence was sufficient but not greater than necessary to account for the factors in § 3553(a). Considering the deference due to the district court's balancing of those factors, Bueno has not demonstrated that the sentence imposed was unreasonable. *See United States v. Fraga*, 704 F.3d 432, 440-41 (5th Cir. 2013).

The judgment of the district court is AFFIRMED.